UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| LISA HARDIMAN, individually, and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>     v.<br><br>TACO BELL CORP. AND TACO BELL OF AMERICA INC.,<br><br>            Defendants. | 1:08-CV-1081 OWW GSA<br><br>ORDER DENYING DEFENDANTS's MOTION TO DISMISS (DOC. 7) AS MOOT AND GRANTING LEAVE TO AMEND THE COMPLAINT |
|---|---|

  On April 11, 2008, Lisa Hardiman ("Plaintiff"), on behalf of herself and other "aggrieved employees," filed a complaint in Fresno County Superior Court seeking civil penalties under California's Private Attorney General Act ("PAGA") against Taco Bell Corp. and Taco Bell of America, Inc.[1]  Plaintiff filed a First Amended Complaint on June 25, 2008 ("FAC") alleging eight causes of action based on Taco Bell's alleged violation of the

---

[1] The original complaint also named Taco Bell Foundation, Inc. as a defendant, but Plaintiff stipulated to the dismissal of the Foundation.  (Doc. 11.)

1

California Labor Code ("CLC"), including violations of: (1) CLC §§ 510 and 1198 (unpaid overtime); (2) §§ 226.7 and 512 (missed meal periods); (3) § 226.7 (missed rest periods); (4) § 226(a) (improper wage statements); (5) §§ 201 and 202 (non-payment of wages upon termination; (6) § 204 (failure to pay wages); (7) § 221 (repayment of wages to employer); and (8) §§ 2800 & 2802 (unreimbursed business expenses), as well as violations of (9) the Business and Professions Code, §§ 17200, *et seq*. The FAC was filed as a putative class action.

Defendants removed the case to federal court on July 25, 2008, on the basis of diversity jurisdiction.[2]

On August 1, 2008, Defendants moved to dismiss, arguing: (1) the seventh cause of action under CLC § 221 should be dismissed for failure to satisfy federal notice pleading requirements; and (2) all claims under the Private Attorneys General Act in the first through eighth causes of action should be dismissed for failure to plead exhaustion of administrative remedies; and (3) Plaintiff's requests for punitive damages for the first, third and sixth causes of action should be stricken. (Doc. 7.)

---

[2]. Defendant Taco Bell Corp. is a California Corporation with its principal place of business in California; Taco Bell of America, Inc., is a Delaware Corporation with its principal place of business in California. Plaintiff, although a resident of California at the time she filed her complaint in Superior Court, moved to Nevada on June 3, 2008, before she filed the FAC and before Defendants attempted to remove the case to federal court. For diversity purposes, a person is deemed a "citizen of the state in which [s]he is domiciled." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1081, 1090 (9th Cir. 1983).

1  Plaintiff filed a statement of non-opposition to Defendants'
2  motion to dismiss, proposing to file a Second Amended Complaint
3  ("SAC") that would address both of the issues raised in the
4  motion to dismiss by (1) pleading the CLC § 221 claim with
5  greater specificity, (2) pleading that Plaintiff exhausted her
6  administrative remedies, and (3) removing her requests for
7  punitive damages for the first, third and sixth causes of action.
8  In addition the proposed SAC would make several other minor,
9  technical changes, to which Defendants do not object.
10  Nevertheless, Defendants refuse to withdraw their motion to
11  dismiss and refuse to stipulate to the filling of the SAC.
12  Defendant maintains that Plaintiff's proposed seventh cause of
13  action, for violation of CLC §§ 2800 and 2802, in which Plaintiff
14  alleges that Taco Bell failed to reimburse her and putative class
15  members for certain business expenses (which is identical to the
16  eighth cause of action in the FAC) is "unwarranted under the
17  law."  (Doc. 13 at 2.)  Taco Bell argues that this allegation is
18  inconsistent with Plaintiff's deposition testimony in the related
19  case *Medlock v. Taco Bell Corp., et al.*, 1:07-cv-1314 OWW DLB.
20  Taco Bell attaches a copy of her deposition to its reply brief,
21  pointing out that Plaintiff testified that she could not recall a
22  single business expense she incurred while working for Taco Bell
23  for which she was not reimbursed, and that her only purchases
24  were black pants and non-skid shoes.  (McDonald Decl., ¶2 & Ex. A
25  at 142-143, 177-182).
26  Taco Bell admits that it could not have rased this objection
27  to the FAC or SAC on a motion to dismiss, as Rule 12 (b)(6)
28  requires the court to assume alleged facts to be true.  However,

3

Taco Bell argues it "has no obligation to ignore plaintiff's sworn testimony when faced with a request to stipulate to proposed amendments to plaintiff's complaint." (Doc. 13 at 3.) Taco Bell maintains that, absent their stipulation, Plaintiff's request to file the SAC should be treated as a motion to amend the complaint, which should be denied with respect to the proposed seventh cause of action because it violates Rule 11 and would be futile.

Taco Bell's argument implies that the standard which applies to a motion to amend is different from the standard applicable to a motion to dismiss. This is incorrect. The "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (quoting 3 J. Moore, More's Federal Practice ¶ 15.08[4] (2d ed. 1974)). Defendants do not even argue that Plaintiff's unreimbursed business expenses claim is futile on its face.

//
//
//
//
//
//
//
//
//
//

Taco Bell improperly attempts to convert its reply brief in to a motion for summary judgment on the unreimbursed business expenses claim.  This approach does not afford Plaintiff an opportunity to respond.  Defendants may raise the issue in a properly noticed motion for summary judgment and/or, if appropriate, a motion for sanctions under Rule 11 if Plaintiff, after having been provided notice, nonetheless files a superfluous claim with requires defendant to respond.

## CONCLUSION

For the reasons set forth above:

(1)  Defendants motion to dismiss is DENIED as moot because Plaintiff has agreed to amend her complaint to address all issues raised in the motion.

(2)  Because Defendants refuse to stipulate to the filing of a Second Amended Complaint, Plaintiff's opposition will be treated as a motion to amend the complaint.  That motion is GRANTED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   October 20, 2008            /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE