# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA HARDIMAN, individually, and on behalf of all others similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act (PAGA),<br><br>  Plaintiff,<br><br>  v.<br><br>TACO BELL CORP., a California corporation; TACO BELL OF AMERICA, INC., a Delaware corporation; TACO BELL FOUNDATION, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>  Defendants. | 1:08-cv-1081 OWW DLB<br><br>ORDER AFTER SCHEDULING CONFERENCE |

I.   Date of Scheduling Conference.

   February 27, 2009.

II.  Appearances Of Counsel.

   Initiative Legal Group LLP appeared on behalf of Plaintiff.

   Irell & Manella LLP by Andra Green, Esq., and Littler Mendelson by Daniel Cravens, Esq., appeared on behalf of Defendants Taco Bell Corp. and Taco Bell of America, Inc.

1

III.  Summary of Pleadings.

<u>Plaintiff's Statement</u>

1.  Defendants formerly employed Plaintiff as an hourly-paid employee, from on or about July 31, 2004, to on or about June 16, 2007, at Fresno, California business locations. Plaintiff brought this lawsuit on April 11, 2008, in the Superior Court of California for the County of Los Angeles, alleging a representative action as a deputized private attorney general pursuant to California Labor Code § 2699 et seq. (the Labor Code Private Attorneys General Act of 2004 ["PAGA"]), on her own behalf and on behalf of all other aggrieved employees.

2.  Plaintiff subsequently filed, as a matter of right, her operative First Amended Complaint on June 25, 2008, alleging a Rule 23 class action in addition to the previously alleged PAGA representative action.  The operative complaint defines the putative class as all non-exempt or hourly-paid employees who have been employed by Defendants in the State of California within four years prior to the filing of the complaint until resolution of the lawsuit.  The complaint alleges that there is a well-defined community of interest among the putative class members, and that the putative class is easily ascertainable and fulfills the requirements of numerosity, typicality, adequacy, and superiority.

3.  On July 25, 2008, this matter was removed to Federal District Court as Case No. 1:08-cv-1081.

4.  On October 22, 2008, the Court granted Plaintiff leave to file her proposed Second Amended Complaint.  Plaintiff filed the Second Amended Complaint on October 27, 2008.

2

1       5.   Plaintiff's operative Complaint alleges that Defendants (1) failed to pay overtime compensation to aggrieved employees and putative class members, in violation of Cal Lab. Code §§ 510 and 1198, (2) failed to provide meal periods or compensation in lieu thereof, in violation of Cal. Lab. Code §§ 226.7(a) and 512(a), (3) failed to provide rest periods or compensation in lieu thereof, in violation of Cal. Lab. Code § 226.7(a), (4) failed to comply with itemized wage statement provisions, in violation of Cal. Lab. Code § 226(a), (5) failed to timely pay aggrieved employees and putative class members upon discharge, in violation of Cal. Lab. Code §§ 201 and 202, and that the failure to pay subjects Defendants to liability for "waiting time penalties" under Cal. Lab. Code § 203, (6) failed to pay wages, in violation of Cal. Lab. Code § 204, (7) failed to reimburse aggrieved employees and putative class members for business-related expenses, in violation of Cal. Lab. Code §§ 2800 and 2802, and (8) violated California unfair competition laws.

       6.   On behalf of all aggrieved employees and putative class members, Plaintiff seeks to recover unpaid compensation and unlawfully withheld wages, including the interest thereon, as well as damages, penalties under PAGA, and statutory penalties for the applicable limitations period.  Plaintiff further seeks attorneys' fees and costs.

       **Defendants' Statement**

       1.   This action is not the first putative class action Plaintiff filed on behalf of the putative class.  On or about September 7, 2007, Plaintiff Sandrika Medlock ("Medlock") filed a "Complaint for Class Action" in the United States District Court

for the Eastern District of California, Fresno Division, against the same defendants. See <u>Medlock v. Taco Bell Corp., et al.</u>, No. 1:07-cv-1314 (E.D. Cal. filed Sept. 7, 2007 (the "Medlock Action")). The definition of the proposed class in the Medlock Action is identical to the putative class defined in the Second Amended Complaint. Further, Plaintiff and Medlock sought relief based on alleged violations of the California Labor Code and the California Business and Professions Code that are the basis of Plaintiff's claims in the FAC. However, on or about September 10, 2007, a "First Amended Complaint for Class Action" was filed in the Medlock Action. That amendment removed Hardiman as a plaintiff from the Medlock Action. The Medlock Action is presently proceeding before this Court. Plaintiff filed the instant action in state court on or about April 11, 2008. Defendants timely removed the action to this Court, and the action was deemed related to the Medlock Action by this Court's Order dated July 31, 2008.

2.   Defendants admit that Taco Bell Corp. or Taco Bell of America, Inc., employed Plaintiff and other persons as non-exempt or hourly paid restaurant employees. Defendants deny any and all allegations in Plaintiff's Second Amended Complaint relating to Plaintiff's claims that Defendants engaged in acts or omissions in violation of the California Labor Code, violated California unfair competition laws, or engaged in any other type of wrongdoing.

3.   Defendants deny that Plaintiff or any other putative class member is entitled to any type of relief in this action including, without limitation, unpaid compensation, wages, and

4

interest thereon, damages, statutory penalties, and penalties under PAGA. Defendants deny that Plaintiff is entitled to recover attorneys' fees and costs.

IV. Orders Re Amendments To Pleadings.

    1.   <u>Plaintiff's Statement</u>. Plaintiff filed a Second Amended Complaint on October 27, 2008, pursuant to the Court's October 22, 2008, Order granting Plaintiff leave to file the amended complaint.

    2.   <u>Defendants' Statement</u>. Defendants' filed an answer to Plaintiff's Second Amended Complaint on November 13, 2008.

    3.   Defendants propose to move to consolidate these cases with two additional cases that have been filed subsequent to the filing of this action: <u>Leyva v. Taco Bell Corp.</u>, 1:09-cv-0200 and <u>Naranjo v. Yum! Brands, Inc.</u>, 1:09-cv-00246. Plaintiffs also seek to consolidate <u>Medlock v. Taco Bell Corp.</u>, 1:07-cv-1314. The parties shall confer about a schedule for the filing of motions concerning the joinder and/or consolidation of the cases.

    4.   The <u>Leyva</u> and <u>Hardimann</u> cases have been transferred to this Court and the four actions are now pending in the same District Court.

V. Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   Plaintiff was formerly a resident of the Eastern District of California. Discovery will ascertain the time periods during which Plaintiff was a resident of the Eastern District of California.

        2.   Plaintiff was employed by Taco Bell Corp. and/or

5

1  Taco Bell of America, Inc.  Discovery will ascertain the time
2  periods during which Plaintiff was employed by Taco Bell Corp.
3  and/or Taco Bell of America, Inc.
4          3.   Taco Bell Corp. is a California corporation
5  licensed to do and doing business in the Fresno Division of the
6  Eastern District of the State of California.
7          4.   Taco Bell of America, Inc. is a Delaware
8  corporation licensed to do business in the State of California
9  and the Eastern District, Fresno Division.
10     B.   Contested Facts.
11         1.   Whether Defendants failed to pay proper overtime,
12  in violation of Cal. Lab. Code §§ 510 and 1198.
13         2.   Whether Defendants failed to provide meal periods
14  or compensation in lieu thereof, in violation of Cal. Lab. Code
15  §§ 226.7(a) and 512(a).
16         3.   Whether Defendants failed to provide rest periods
17  or compensation in lieu thereof, in violation of Cal. Lab. Code
18  § 226.7(a).
19         4.   Whether Defendants complied with wage reporting as
20  required by Cal. Lab. Code § 226(a).
21         5.   Whether Defendants failed to promptly pay all
22  wages due to Plaintiff and putative class members upon their
23  discharge or resignation, in violation of Cal. Lab. Code §§ 201
24  and 202.
25         6.   Whether Defendants' conduct was willful or
26  reckless under Cal. Lab. Code § 203.
27         7.   Whether Defendants failed to pay wages, in
28  violation of Cal. Lab. Code § 204.

        8.    Whether Defendants forced Plaintiff and other putative class members to contribute to the capital and expenses of Defendants' businesses, in violation of Cal. Lab. Code §§ 2800 and 2802.

        9.    Whether Defendants engaged in unfair business practices in violation of Cal. Bus. & Prof. Code § 17200, et seq.

        10.    Whether any damages, restitution, monetary penalties, or PAGA penalties resulted from Defendants' alleged violations of California law.

        11.    Whether Defendants' affirmative defenses bar the claims of Plaintiff and other putative class members or limit their recovery, if any, of damages, restitution, monetary penalties, or PAGA penalties.

        12.    Whether the claims of Plaintiff are subject to class certification.

## VI. Legal Issues.

    A.    Uncontested.

        1.    Jurisdiction exists under 28 U.S.C. § 1332.

        2.    Venue is proper under 28 U.S.C. § 1441(a).

        3.    The parties agree that the substantive law of the State of California provides the rule of decision.

    B.    Contested.

        1.    Whether there are common questions of law and fact and, therefore, whether certification as a class action is appropriate (including, but not limited to, issues of adequacy, commonality, typicality, and superiority).

        2.    Whether Defendants failed to pay proper overtime, in violation of Cal. Lab. Code §§ 510 and 1198.

                3.   Whether Defendants failed to provide meal periods or compensation in lieu thereof, in violation of Cal. Lab. Code §§ 226.7(a) and 512(a).

                4.   Whether Defendants failed to provide rest periods or compensation in lieu thereof, in violation of Cal. Lab. Code § 226.7(a).

                5.   Whether Defendants complied with wage reporting as required by Cal. Lab. Code § 226(a).

                6.   Whether Defendants failed to promptly pay all wages due to Plaintiff and putative class members upon their discharge or resignation, in violation of Cal. Lab. Code §§ 201 and 202.

                7.   Whether Defendants' conduct was willful or reckless under Cal. Lab. Code § 203.

                8.   Whether Defendants failed to pay wages, in violation of Cal. Labor Code § 204.

                9.   Whether Defendants forced Plaintiff and other putative class members to contribute to the capital and expenses of Defendant's businesses, in violation of Cal. Lab. Code §§ 2800 and 2802.

                10.  Whether Defendants engaged in unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200, et seq.

                11.  Whether any damages, restitution, PAGA penalties, or monetary penalties resulted from Defendants' alleged violations of California law.

                12.  Whether Defendants' affirmative defenses bar the claims of Plaintiff and other putative class members or limit

their recovery, if any, of damages, restitution, monetary penalties, or PAGA penalties.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

    A.    <u>Motions to Consolidate</u>.

        1.    The parties anticipate the Defendants filing motions to consolidate the four cases.  Plaintiffs will oppose this motion.  It is not feasible for the Court to schedule this case or any of the cases without knowing the ultimate configuration of the four lawsuits.  Accordingly, a Further Scheduling Conference shall be held within ten days following ruling on any motions to consolidate the cases.

    B.    <u>Existing Discovery</u>.

        1.    Existing discovery noticed in the <u>Medlock</u> case or in this case shall proceed, including class discovery issues.

    C.    <u>Parties' Coordination Regarding Motions Re: Case Configuration</u>.

        1.    The parties shall meet and confer and shall

attempt to agree, if they can do so, on a schedule for the hearing of any motions addressed to the issue of the alignment and the ultimate joinder of cases and parties for ultimate disposition and trial.

IT IS SO ORDERED.

Dated:   **March 4, 2009**              /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE